# Frederick Kuklence et Ux., Plffs. in Err., *v.* Jacob Vocht et Ux.

Since the passage of the "married persons' property act" of June 3, 1887 (P. L. 333), a husband is no longer liable for torts committed by his wife alone.

Where an action is brought against a husband and wife for slanderous words spoken by the latter, and arbitrators award "in favor of the plaintiffs," such award is a nullity as against the husband, and a ca. sa. issued against both husband and wife is void as to the husband.

It seems that the married persons' property act does not deprive a married woman of her exemption from arrest on a ca. sa.

(Argued March 7, 1888.	Decided March 19, 1888.)

January Term, 1888, No. 250, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Northampton County to review a judgment in favor of the defendant Jacob Vocht in an action of trespass, October term, 1887, No. 1. Affirmed.

NOTE.—As to exemption of the married woman from arrest on capias since the act of 1887, see Vocht v. Kuklence, 119 Pa. 365, 13 Atl. 199.

The act of 1887 relieved the husband from liability for the torts of the wife. But this provision is repealed by the act of June 8, 1893, P. L. 344, and both husband and wife are now liable. Ridgeway v. Speelman, 7 Pa. Dist. R. 290, 28 Pittsb. L. J. N. S. 327, 20 Pa. Co. Ct. 596, 15 Lanc. L. Rev. 254. See Hess v. Heft, 3 Pa. Super. Ct. 582, 40 W. N. C. 60.

This action was brought by Frederick Kuklence and Augusta Kuklence, his wife, in right of the wife, against Jacob Vocht and Anna Vocht, his wife, to recover damages for alleged slanderous words spoken on August 7, 1887, by Anna Vocht in reference to Augusta Kuklence. The case was referred to arbitrators, who, October 3, 1887, awarded "in favor of the plaintiffs the sum of $15, with costs of suit." The plaintiffs issued a *fieri facias cum capias ad satisfaciendum* against both defendants.

October 27, 1887, the court granted a rule on the plaintiffs to show cause why the judgment should not be stricken off as against Jacob Vocht, and why the writ of ca. sa. should not be vacated and set aside as to both defendants.

December 12, 1887, the court, SCHUYLER, P. J., made the rule absolute, filing the following opinion:

"The judgment in this case was entered against husband and wife for scandalous words uttered by the wife. Under the recent married persons' property act, a husband is no longer liable for his wife's torts; and by the same act, in suits to recover damages for the torts of the wife, it is unnecessary to join the husband as defendant, and we think the better practice is not to join him. Such joinder but confuses the record, without the slightest benefit to anyone. It is certainly anomalous to enter judgment against the husband in such a suit, he being in nowise liable for the payment of the judgment. We think, therefore, that the present rule should be made absolute."

The assignments of error specified the action of the court in making the rule absolute.

*Mr. James Mahon,* for plaintiffs in error.—The prayer in the petition is for a rule to show cause why the judgment shall not be stricken off, etc.

In Mackie v. Pleasants, 2 Binn. 363, overruling Williams v. Craig, 1 Dall. 313, 1 L. ed. 153, it was decided that the court will not interfere with an award.

The court of common pleas has no power to alter an award; the only remedy is by appeal. Post v. Sweet, 8 Serg. & R. 391.

An award can only be set aside on exception for misbehavior. For a mistake of law or fact the remedy is by appeal. Com v. La Fitte, 2 Serg. & R. 106 ; Walls v. Wilson, 28 Pa. 514; Wynn v. Bellas, 34 Pa. 160; Sherman v. Andreas, 3 Luzerne Legal Reg. 87.

When the jurisdiction of the arbitrators has attached the only remedy is by appeal. Thompson v. White, 4 Serg. & R. 135–140.

The court will not set aside an award for an irregularity that would render it void on error. 2 Miles, 125.

It was not the intention of the legislature, by the married persons' property act of June 3, 1887, P. L. 333, to extend the immunity of the husband to the whole domain of torts which a wife could commit.

"When married women have power to contract, a failure to perform a duty under the contract is itself a tort. Cooley, Torts, p. 118.

*Mr. Robert L. Cope* for defendants in error.

OPINION BY MR. JUSTICE STERRETT:

Without designating anyone, by name or otherwise, as defendant, the arbitrators awarded "in favor of the plaintiffs the sum of $15, with costs of suit." Treating this award as, in effect, a judgment against both Jacob Vocht and Anna Vocht, his wife, whose names appear in the *narr.*, plaintiffs below issued a *fieri facias cum capias ad satisfaciendum* against both; and a rule was taken to strike off the judgment as to the husband, and set aside the *capias* as to both husband and wife.

The award was evidently intended to be against the person or persons by whom the tort, complained of in the declaration, is alleged to have been committed. Referring to that instrument we find that both husband and wife are named as defendants; but the slanderous words are alleged to have been spoken by Anna Vocht, the wife, alone. The declaration is, therefore, against her and not against her and her husband jointly; and if the arbitrators intended to award against both, they had no right to do so.

Moreover, under the second section of the "married persons' property act" of June 3, 1887 (P. L. 333), in force when the cause of action in this case arose, a husband is no longer liable for torts committed by his wife alone.

Plaintiffs below having treated the award as in effect a judgment against both, the court below was clearly right in holding it was a nullity as to Jacob Vocht, the husband. The executions, of course, were also null and void as to him.

Judgment affirmed.